SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 NEW YORK AVENUE, NW
WASHINGTON, DC 20005-2011
———
TEL: (202) 371-7000
FAX: (202) 393-5760

August 28, 2015

Molly C. Dwyer, Clerk of the Court
U.S. Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

      Re:    *United States v. Mazzo*, No. 15-50058 (oral argument scheduled for September 1, 2015), Response to Government's Federal Rule of Appellate Procedure 28(j) Letter

      Less than a week before oral argument, the government cites as "supplemental authority" a decision from 2007—and, in the guise of a 28(j) letter, seeks to file what is in effect an improper sur-reply. Regardless, the government's arguments are groundless.

      ***First***, as Mazzo explained previously (*e.g.*, Reply Br. 8–9), extensive precedent holds that the denial of a double jeopardy claim is immediately appealable. The government has cited no case holding that an exception to this rule exists for claims based on the Double Jeopardy Clause's rule against multiplicity. Indeed, none of the cases it cites—including *United States v. Zalapa*, 509 F.3d 1060 (9th Cir. 2007)—even addresses the interlocutory-appeal issue. *See, e.g.*, *id.* at 1062 (addressing multiplicity challenge *after* conviction).

      ***Second***, the government, without any precedent in the collateral-order-doctrine context, attempts to distinguish between subcategories of multiple-punishment claims for jurisdictional purposes based on the procedural posture of the claim. But this Court's analytical framework for interlocutory appeals in the multiple-punishment context simply does not contain the exception now urged by the government. *See United States v. Chick*, 61 F.3d 682, 684 (9th Cir. 1995). Indeed, "if [Mazzo] is convicted, and punishment imposed, then the constitutional right not to be doubly punished is lost, even if vindicated on appeal." *Id.* at 685. (*See also* Opening Br. 9–11.)

      ***Third***, the government mistakenly suggests that, because multiplicity claims have been vindicated on appeal in other cases, the denial of a multiplicity claim is not immediately appealable. Were that the rule, claims of former jeopardy also would not be immediately appealable, as those, too, have been vindicated on appeal *after* conviction. *See, e.g.*, *United States v. Sammaripa*, 55 F.3d 433, 435 (9th Cir. 1995). But that clearly is not the law. (*See* Opening Br. 7–8.)

      ***Fourth***, the government overlooks this Court's doctrine emphasizing the particular harm and prejudice from a double jeopardy multiplicity violation where, as here, the government's

position is that it may introduce different evidence for a count challenged as multiplicitous.  (*See* Reply Br. 11 (citing *United States v. Matthews*, 240 F.3d 806, 818 (9th Cir. 2000).)

        Respectfully submitted,

        /s/ Clifford M. Sloan

        August 28, 2015

        Clifford M. Sloan
        Michael A. McIntosh
        SKADDEN, ARPS, SLATE,
        MEAGHER & FLOM LLP
        1440 New York Ave., NW
        Washington, DC 20005
        Tel:  (202) 371-7000
        Fax:  (202) 393-5760

        Richard Marmaro
        Douglas A. Smith
        SKADDEN, ARPS, SLATE,
        MEAGHER & FLOM LLP
        300 South Grand Ave., Suite 3400
        Los Angeles, CA 90071
        Tel:  (213) 687-5000
        Fax:  (213) 687-5600

**Certificate of Service**

  I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on August 28, 2015. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

                /s/ Clifford M. Sloan
                Clifford M. Sloan
                SKADDEN, ARPS, SLATE,
                MEAGHER & FLOM LLP
                1440 New York Ave., NW
                Washington, DC 20005
                Tel: (202) 371-7000
                Fax: (202) 393-5760